# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMON GERARD DICKERSON, | : | Civil No. 3:20-cv-0094 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| DOUGLAS E. WHITE, | : | |
| Respondent | : | |

## MEMORANDUM

Petitioner Damon Gerard Dickerson ("Petitioner") filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 17, 2020, challenging his January 6, 2011, judgment and sentence entered in the United States District Court for the District of Maryland, based on Rehaif v. United States, — U.S. —, 139 S. Ct. 2191 (2019). (Doc. 1).

The Court undertakes preliminary review pursuant to Rules 1 and 4 of the Rules Governing Habeas Corpus Cases under § 2254. Rule 4 provides "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." See R. Governing § 2254 Cases R.4. These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. Id. at R.1(b).

For the reasons set forth below, the Court will dismiss the petition for lack of jurisdiction.

I. **Background**

On January 7, 2011, following a plea of guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1), 924(e), pursuant to a plea agreement, the United States District Court for the District of Maryland sentenced Petitioner to the agreed-upon term of 188 months' imprisonment. United States v. Dickerson, 457 F. App'x 232 (4th Cir. 2011); see also, electronic docket, U.S. District Court for the District of Maryland (Baltimore), United States v. Dickerson, 1:09-cr-.00402-CCB-1, Docket Entry ("Dkt. Entry") 54. Petitioner unsuccessfully appealed the conviction. United States v. Dickerson, 457 F. App'x 232 (4th Cir. 2011).

Thereafter, he sought relief *via* a motion to vacate pursuant to 28 U.S.C. § 2255. On December 13, 2013, the district court dismissed the motion to vacate. See electronic docket, U.S. District Court for the District of Maryland (Baltimore), United States v. Dickerson, 1:09-cr-.00402-CCB-1, Dkt. Entries 80, 81. Petitioner appealed. The Fourth Circuit denied relief. United States v. Dickerson, 576 F. App'x 238, 239 (4th Cir. 2014).

Presently pending in the district court is Petitioner's second motion to vacate pursuant to 28 U.S.C. § 2255 based on Rehaif. United States v. Dickerson, 1:09-cr-.00402-CCB-1, Dkt. Entry 98. On August 29, 2019, the district court informed Petitioner that the Federal Public Defender had been appointed in cases involving Rehaif and that the cases would be adjudicated in order of original sentencing. Id. at 99.

2

## II. Discussion

Petitioner seeks relief on the ground that his plea of guilty is constitutionally invalid in the light of Rehaif v. United States, — U.S. —, 139 S. Ct. 2191 (2019). (Doc. 1). Rehaif, held that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." Rehaif, 139 S. Ct. at 2200.

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States, 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Petitioner files the instant § 2241 petition seeking to challenge the legality of his conviction and sentence. A petitioner may only resort to a § 2241 petition in the unusual situation where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this

3

court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.).

"Our Circuit permits access to § 2241 when two conditions are satisfied: First, a prisoner must assert a 'claim of 'actual innocence' on the theory that 'he is being detained for conduct that has subsequently been rendered non-criminal by an intervening Supreme Court decision' and our own precedent construing an intervening Supreme Court decision'—in other words, when there is a change in statutory caselaw that applies retroactively in cases on collateral review. Tyler, 732 F.3d at 246 (quoting Dorsainvil, 119 F.3d at 252). And second, the prisoner must be 'otherwise barred from challenging the legality of the conviction under § 2255.' Id. Stated differently, the prisoner has 'had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate.' Dorsainvil, 119 F.3d at 251. It matters not whether the prisoner's claim was viable under circuit precedent as it existed at the time of his direct appeal and initial § 2255 motion. What matters is that the prisoner has had no earlier opportunity to test the legality of his detention since the intervening Supreme Court decision issued." Bruce v. Warden Lewisburg USP, 868 F.3d 170, 180 (3d Cir. 2017).

The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255, and all indications are that he is proceeding in the sentencing court with his current § 2255 motion. If a petitioner

improperly challenges a federal conviction or sentence under § 2241, as is the case here, the petition must be dismissed for lack of jurisdiction. Cradle, 290 F.3d at 539.

## III. Conclusion

For the reasons set forth above, the Court will dismiss the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

A separate Order will enter.

BY THE COURT:

**s/James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**

Dated: 1/28/2020